```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
JASON PORTER,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       21-CV-4037(JS)(ARL)

ERROL D. TOULON, JR. (Sheriff),

                    Defendant.
-----------------------------------X
JASON PORTER,

                    Plaintiff,

          -against-                       21-CV-5728(JS)(ARL)

ERROL D. TOULON, JR.,

                    Defendant.
-----------------------------------X
JASON PORTER,

                    Plaintiff,

          -against-                       21-CV-5832(JS)(ARL)

ERROL D. TOULON, JR.,

                    Defendant.
-----------------------------------X
APPEARANCES
For Plaintiff:        Jason Porter, pro se
                      19-A-3761
                      Downstate Correctional Facility
                      121 Red Schoolhouse Road
                      P.O. Box F
                      Fishkill, New York 12524


For Defendants:       No appearances.
```

SEYBERT, District Judge:

Presently before the Court are three Complaints brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County Sheriff Errol D. Toulon, Jr. ("Sheriff Toulon" or "Defendant") filed by Jason Porter ("Plaintiff") while he was incarcerated at the Suffolk County Riverhead Correctional Facility.[1]  (Compls., ECF No. 1.)[2]  Plaintiff filed an application to proceed in forma pauperis ("IFP") along with each Complaint. (IFP Apps., ECF No. 2.)  For the reasons that follow, Plaintiff's IFP applications are GRANTED; the three actions are hereby CONSOLIDATED; however, the Complaints are DISMISSED for failure to allege a plausible claim for relief.

BACKGROUND

Each of Plaintiff's sparse Complaints are submitted on the Court's form complaint for civil rights actions under Section 1983 with additional pages of attachments.  (See generally Compls.) Plaintiff seeks to impose liability on Defendant based on his supervisory role as Suffolk County Sheriff in light of three discrete incidents at the Riverhead Correctional Facility, as

---

[1] On November 8, 2021, Plaintiff filed a Notice of Change of Address indicating that he had been transferred to Downstate Correctional Facility.  (See, e.g., No. 21-CV-5728, ECF No. 8.)  Accordingly, Plaintiff's address has been updated in each case.

[2] Given that the ECF entry numbers in each docket are the same, the Court's citation applies to each case.

alleged in each of Plaintiff's Complaints.

21-CV-4037:  Plaintiff alleges that Defendant is liable for "contributory negligence" following Plaintiff's suicide attempt while Plaintiff was on "suicide watch."  (Compl. at 6.) According to the Complaint, although "mental health staff" placed Plaintiff on suicide watch, he managed to attempt to hang himself in his cell using a bath towel.  (Id.)  Plaintiff alleges that the officer who was responsible for watching Plaintiff was "off his post and totally unprepared" for this situation.  (Id.)  Plaintiff further alleges that when the officer returned, he cut Plaintiff down and Plaintiff was taken to Peconic Bay Medical Center "where he fortunately regained consciousness several hours later."  (Id.) As a result, Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights. (Id. at 6-7.)  Plaintiff further claims that the Defendant's unspecified "faulty training methods" demonstrate a deliberate indifference to Plaintiff's declining mental health for which he seeks to recover a monetary award in the sum of $2 million.[3]  (Id. at 5, 7.)

21-CV-5728: Plaintiff alleges that Defendant, in his "supervising position," failed to protect Plaintiff "from

---

[3] Plaintiff's only claimed injuries are "brain trauma" and "PTSD" which Plaintiff alleges are "now aided by psychotropic medications."  (Id. at 4, ¶ II.A.)

dangerous situations within the facility." (Compl. at 6.) Specifically, Plaintiff claims that, on September 14, 2021, he was exposed to the COVID-19 virus when an inmate on his tier tested positive. (Id.) According to the Complaint, four inmates have tested positive for COVID-19,[4] and Plaintiff surmises that the medical staff's "negligen[ce] may be do [sic] in part to faulty training methods and the lack of knowledge of C.D.C[.] testing regulations." (Id.) Plaintiff does not claim to have contracted COVID-19. Rather, his alleged injuries are: "Stress, mental anguish" and an "increase in his blood pressure medication." (Id. at 4, ¶ II.A.) For relief, Plaintiff seeks to recover a monetary award in the sum of $2 million. (Id. at 5, ¶ III.)

21-CV-5832: Plaintiff alleges that Defendant's "contributory negligence" deprived Plaintiff of his right to be free from cruel and unusual punishment as protected by the Eighth and Fourteenth Amendments. (Compl. at 6.) Plaintiff also claims an unspecified deprivation of his rights under the Sixth Amendment. (Id.) According to the Complaint, following Plaintiff's June 17, 2021 arrest, the mental health staff at the Riverhead Correctional

---

[4] Plaintiff has included the full names of the inmates who allegedly tested positive for the COVID-19 virus. The Clerk of the Court shall restrict access to the Complaint to only the parties and Court users and shall include a copy of the Court's summary of the E-Government Act with this Memorandum and Order when mailing it to Plaintiff. Plaintiff is cautioned that he must comply with the provisions of the E-Government Act in all future filings with the Court.

Facility did not "contact Mental Hygiene Legal Services to ensure that Plaintiff's rights are protected." (Id.) As a result, Plaintiff claims to have suffered "[a]dded mental anguish, stress and an increase in psychotropic medication," for which he seeks to recover a monetary award in the sum of $2 million. (Id. at 4-5, ¶¶ II.A, III.)

## DISCUSSION

### I. Plaintiff's *In Forma Pauperis* Applications are Granted

The Court finds that Plaintiff is qualified by his financial status to commence these actions without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP applications are GRANTED.

### II. Consolidation

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," id. at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v.

Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (citation omitted).

Here, Plaintiff's Complaints name the same Defendant and seek to challenge the conditions of his confinement while at the Suffolk County Riverhead Correctional Facility.  As a result, the Complaints involve common issues of law and fact, and the Court finds consolidating Plaintiff's cases will permit efficient resolution of the claims raised therein.  Accordingly, in the sound exercise of its discretion, the Court orders that Plaintiff's cases be CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 21-CV-4037(JS)(ARL).  The Clerk of Court is DIRECTED to (1) consolidate these actions; and (2) mark the cases assigned Docket Nos. 21-CV-5728(JS)(ARL) and 21-CV-5832(JS)(ARL) CLOSED.  All future filings shall be docketed in **only 21-CV-4037**.

III. Legal Standards

    A.   Consideration of the Complaint Under 28 U.S.C. §§ 1915, 1915A

Section 1915 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  An action is frivolous as a matter of law when, inter alia, it is based on an

"indisputably meritless legal theory" or when it "lacks an arguable

basis in law . . . or [when] a dispositive defense clearly exists

on the face of the complaint."  Livingston v. Adirondack Beverage

Co., 141 F.3d 434, 437 (2d Cir. 1998).  The Court is required to

dismiss the action as soon as it makes such a determination.  See

28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL

1979077, at *2 (E.D.N.Y. May 18, 2021) (Seybert, J.).

Courts are obliged to construe the pleadings of a pro se

plaintiff liberally and to interpret them to raise the "strongest

[claims] that they suggest."  Triestman v. Fed. Bureau of Prisons,

470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); Harris v. Mills,

572 F.3d 66, 72 (2d Cir. 2009).  However, the complaint must plead

sufficient facts to "state a claim to relief that is plausible on

its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  The

plausibility standard requires "more than a sheer possibility that

a defendant has acted unlawfully."  Id.  While "detailed factual

allegations" are not required, "[a] pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'"  Id.  (quoting Twombly, 550 U.S. at

557).  Further, a pleading that only "tenders naked assertion[s]

devoid of further factual enhancement" will not suffice.  Id. at

678 (internal quotation marks and citation omitted).  And a court

may dismiss a complaint that is "so confused, ambiguous, vague or

otherwise unintelligible that its true substance, if any, is well

disguised."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988);

Tawfik v. Georgatos, No. 20-CV-5832, 2021 WL 2953227, at *2

(E.D.N.Y. July 14, 2021) (Seybert, J.).  Finally, "although a court

must accept as true all of the allegations contained in a

complaint, that tenet is inapplicable to legal conclusions, and

threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice."  Chavis v.

Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation omitted)).

Therefore, while the Court must "draw the most favorable inferences

that [a plaintiff's] complaint supports, [it] cannot invent

factual allegations that [a plaintiff] has not pled." Id. at 170.

B.    Section 1983

Section 1983 provides that:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State . . . subjects, or causes to be
> subjected, any citizen of the United States .
> . . to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured. . . .

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff

must "allege that (1) the challenged conduct was attributable at

least in part to a person who was acting under color of state law
and (2) the conduct deprived the plaintiff of a right guaranteed
under the Constitution of the United States." Rodriguez v.
Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2
(E.D.N.Y. Apr. 15, 2020) (citation omitted).  In addition,
"personal involvement of defendants in alleged constitutional
deprivations is a prerequisite to an award of damages under §
1983." Brandon v. Kinter, 938 F.3d 21, 36 (2d Cir. 2019) (citation
omitted).  To establish personal involvement under Section 1983,
the plaintiff must "plead and prove 'that each Government-official
defendant, through the official's own individual actions, has
violated the Constitution,'" that is, personally participated in
the alleged constitutional deprivation. Tangreti v. Bachmann, 983
F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 675).

IV.  Application of 28 U.S.C. §§ 1915, 1915A

    Applying these standards to Plaintiff's Complaint, even
with the special solicitude afforded to pro se pleadings, it is
readily apparent that Plaintiff's Section 1983 claims are not
plausible.

    A.  Personal Involvement

    Wholly absent from Plaintiff's submissions are any
allegations establishing how the sole Defendant, Sheriff Toulon,
was personally involved in the alleged constitutional violations.
Indeed, Plaintiff has not alleged any facts demonstrating how

9

Defendant's conduct or inaction caused the constitutional violations at issue. (See generally Compls.)  In the absence of any such allegations, including how Defendant's conduct or inaction violated Plaintiff's constitutional rights, Plaintiff's Complaints must be dismissed.  Moultrie v. Wright, No. 21-CV-3925, 2021 WL 3372031, at *4 (S.D.N.Y. Aug. 3, 2021) (citing Spavone v. N.Y. State Dep't of Corr. Serv., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.")).

        Moreover, insofar as Plaintiff seeks to impose supervisory liability on the Defendant given his position as Sheriff, there is "no special test for supervisory liability." Tangreti, 983 F.3d at 616.  As the Second Circuit recently made clear, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Id. at 620. Accordingly, the Complaints are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

    B.    Absence of a Constitutional Deprivation

        As noted above, a plausible Section 1983 claim requires the deprivation of a constitutional right.  Here, Plaintiff claims

10

that Defendant's "negligence" caused his alleged injuries. However, it is well established that "mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under Section 1983." Michel v. Orange County, No. 21-CV-9406, 2021 WL 5529841, at *2 (S.D.N.Y. Nov. 24, 2021) (citing Daniels v. Williams, 474 U.S. 327, 335-36 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986)).

Further, insofar as Plaintiff alleges that the conditions of his confinement did not comport with the Eighth and/or Fourteenth Amendment, his sparse and conclusory allegations do not allege a plausible claim. As this Court recently stated in LaPierre v. Dzurenda, No. 21-CV-0464, 2021 WL 1062287, at *5 (E.D.N.Y. Mar. 17, 2021):

> The Eighth Amendment to the U.S. Constitution protects against the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. "The Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to a substantial risk of serious harm to a sentenced prisoner." Pagan v. Rodriguez, No. 20-CV-0251, 2020 WL 3975487, at *4 (D. Conn. July 12, 2020) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To "establish an Eighth Amendment claim of deliberate indifference to safety, a prisoner must show that: (1) he was subject to conditions of confinement that posed an objectively serious risk of harm, as distinct from what a reasonable person would understand to be a minor risk of harm; and (2) a defendant prison official acted not merely carelessly or negligently but with a subjectively reckless

11

state of mind akin to criminal recklessness (i.e., reflecting actual awareness of a substantial risk that serious harm to the prisoner would result)." Id. (citations omitted); Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017) (noting that an Eighth Amendment deliberate indifference claim requires that Plaintiff satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer(s) acted with at least deliberate indifference to the challenged conditions).

Although deliberate indifference claims of sentenced inmates are considered under the Eighth Amendment, claims of pretrial detainees are considered under the Fourteenth Amendment. Darnell, 849 F.3d at 29. To plausibly allege deliberate indifference to health and safety claim under the Fourteenth Amendment, a plaintiff must allege facts in satisfaction of two prongs: (1) an "objective prong" showing that the plaintiff's condition of confinement posed an unreasonable risk of serious harm to the plaintiff, and (2) a "mens rea prong" showing that the state actor's conduct amounts to deliberate indifference to that objectively serious risk of harm. Id.; Charles v. Orange County, 925 F.3d 73, 86 (2d Cir. 2019).

Here, Plaintiff does not allege whether he is a convicted prisoner or a pretrial detainee. Regardless, his sparse allegations make clear that he has not alleged a plausible claim, whether brought pursuant to the Eighth or Fourteenth Amendments.

12

Specifically, even assuming Plaintiff's conditions of confinement posed an objectively serious risk of harm to him, Plaintiff has not pleaded sufficient facts to render plausible his claim that Defendant's conduct constituted deliberate indifference to an objectively serious risk of harm to him. To the contrary, Plaintiff alleges Defendant acted negligently. This is insufficient. Darnell, 849 F.3d at 36. Accordingly, Plaintiff's deliberate indifference claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

C.    State Law Claims

Plaintiff also seeks to allege state law negligence claims. However, "Section 1983 provides a cause of action for deprivation of federal, and not state, rights." Morton v. County of Erie, 335 F. Supp. 3d 449, 455 n.2 (W.D.N.Y. Sept. 26, 2018) aff'd, 796 F. App'x 40 (2d Cir. 2019) (summary order). Given the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent

13

jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims.").  Plaintiff may pursue any valid state law claims, including negligence, in state court.

V.    Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted.  Here, **Plaintiff is GRANTED leave to file an Amended Complaint in accordance with the Federal Rules of Civil Procedure and the guidance set forth herein within 30 days from the date of this Memorandum & Order**.  Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall be filed in the 21-CV-5120(JS)(ARL) action.   Further, because the Amended Complaint will completely replace the original Complaint, it must include all factual allegations and claims that Plaintiff seeks to pursue in this case.

**PLAINTIFF IS WARNED that if he does not file an Amended Complaint within 30 days from the date of this Order, judgment will enter and this case will be dismissed.**

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP applications (ECF No. 2) are GRANTED;

14

**IT IS FURTHER ORDERED** that that Plaintiff's cases be CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 21-CV-4037(JS)(ARL). The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the cases assigned Docket Nos. 21-CV-5728(JS)(ARL) and 21-CV-5832(JS)(ARL) CLOSED. Any future filings shall be docketed in **only 21-CV-4037**;

**IT IS FURTHER ORDERED** that Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A;

**IT IS FURTHER ORDERED** that Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT, in accordance with the guidance set forth above, within 30 days from the date of this Memorandum & Order. Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall be filed in the 21-CV-4037(JS)(ARL) action. Plaintiff is WARNED that if he does not file an Amended Complaint within 30 days from the date of this Memorandum & Order, judgment will enter and this case will be dismissed;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall (1) restrict access to the Complaint to only the parties and Court users, and (2) mail a copy of this Memorandum & Order to the <u>pro</u>

15

se Plaintiff, along with a copy of the Court's summary of the E-Government Act, at his address of record and include the notation "Legal Mail" on the envelope.

                                        SO ORDERED.


                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated:  December  21 , 2021
        Central Islip, New York

16